## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DARRELL ANDREW YATES,

      Plaintiff,

v.                                 Case No. 8:25-cv-669-WFJ-LSG

STATE OF FLORIDA,

      Defendant.

_____/

## ORDER

      Darrell Andrew Yates, an inmate at the Falkenburg Road Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). He challenges his February 2018 conviction for burglary, arguing that the prosecution rested on "false allegations" and that he was denied a "fair trial." (*Id.* at 1, 5; *see also State v. Yates*, No. 2017-CF-5132 (Fla. 13th Jud. Cir. Ct.)). He also challenges his March 2025 conviction for robbery on the ground that he was arrested without "probable cause." (Doc. 1 at 1-4; *see also State v. Yates*, No. 2024-CF-16556 (Fla. 13th Jud. Cir. Ct.)). On March 18, 2025, Mr. Yates was sentenced to a year and a day in prison for the robbery offense. *State v. Yates*, No. 2024-CF-16556, Docket (Fla. 13th Jud. Cir. Ct.). In his complaint, Mr. Yates seeks unspecified "relief" as to his criminal convictions. (Doc. 1 at 1).

      Having reviewed the complaint under 28 U.S.C. § 1915A, the Court concludes that this action must be dismissed without prejudice. First, Mr. Yates's challenge to his February 2018 burglary conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a plaintiff's § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The plaintiff may proceed only after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Simply put, a "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit []—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Yates argues that his burglary conviction is "unlawful[]" because the prosecution rested on "false allegations" and he was denied a "fair trial." (Doc. 1 at 1, 5). Thus, a judgment in his favor "would necessarily imply the invalidity of his conviction" for burglary. *Heck*, 512 U.S. at 487. Because Mr. Yates does not—and cannot—allege that his burglary conviction has been invalidated, *Heck* bars this claim. *See, e.g.*, *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that *Heck* barred "damages claims [that] rest[ed] on the contention that the defendants unconstitutionally conspired to convict [plaintiff] of crimes he did not commit"); *Williams v. Peach Cnty. L. Enf't Ctr.*, No. 22-10323-J, 2022 WL 18492375, at *1 (11th Cir. Sept. 30, 2022) ("Because [plaintiff] claimed that he was 'falsely accused' of, and imprisoned for, 'bogus' charges, a civil judgment in his favor under § 1983 necessarily would imply the invalidity of the underlying conviction for which he was imprisoned.").

Second, the *Younger*[1] doctrine requires the Court to abstain from Mr. Yates's challenge to his March 2025 robbery conviction. As noted above, Mr. Yates was sentenced for that offense on March 18, 2025. Because the thirty-day appeal window has yet to expire, Mr. Yates's robbery conviction is not final. *See* Fla. R. App. P. 9.140(b)(3). Thus, *Heck* does not bar his challenge to that conviction. *See Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) ("[Because] [plaintiff's] state criminal convictions were not final at the time he filed his complaint, his claims would not be barred by *Heck*."); *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (finding *Heck* inapplicable because plaintiff's "appeal [was] currently pending in state court"). Nevertheless, *Younger* abstention is appropriate because (1) Mr. Yates seeks to have a federal court interfere in an ongoing state criminal case and (2) he does not show that "extraordinary circumstances" warrant such interference. *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.").

Accordingly, it is **ORDERED** that Mr. Yates's civil-rights complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on March 21, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).